IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONICA S. POON,<br><br>          Plaintiff,<br><br>vs.<br><br>DIANNAH RAE DOM, REGINA ANN<br>HARRIS,  SVC, LLC, individually and<br>d/b/a or t/a POINT PUB, and POINT PUB<br><br>          Defendants. | Case No:  3:16-cv-00006-KRG<br><br>**HONORABLE KIM GIBSON**<br><br>AMANDA L. NESE, ESQUIRE<br>PA I.D. No. 318981<br><br>**JURY TRIAL DEMANDED** |

### BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

AND NOW come the defendants, POINT PUB and SVC, LLC, herein after referred to as "Point Pub"), by and through its counsel, Meyer, Darragh, Buckler, Bebenek & Eck, PLLC and presents the following motion for summary judgment, averring in support thereof:

### I.     ISSUE

SHOULD THE COURT GRANT SUMMARY JUDGMENT IN FAVOR OF SVC, LLC AND POINT PUB ON THE BASIS THAT THE PLAINTIFF HAS NO EVIDENCE AND WILL NOT BE ABLE TO PROVE THAT DIANNAH RAE DOM WAS SERVED ALCOHOL AT THE POINT PUB WHILE SHE WAS VISIBLY INTOXICATED WHICH IS REQUIRED FOR LIABILITY UNDER PENNSYLVANIA'S DRAM SHOP LAWS?

ANSWER:   YES

### II.     STATEMENT OF THE CASE

On or about January 10, 2017, Diannah Rae Dom and Regina Ann Harris allegedly patronized the Point Pub, arriving at approximately 12:30 a.m.  Ms. Dom and Ms. Harris allegedly left the Point Pub a half an hour later, after ordering on drink.  Ms.

Dom was driving a 2000 Dodge Neon owned by Ms. Harris and was traveling on Horner Street in Johnstown, Pennsylvania. The Plaintiff was walking on the shoulder/curb near 629 Horner Street when she was struck by the passenger side view mirror of Ms. Harris' vehicle. The resulting injuries to the plaintiff give rise to this suit.

## III.    STANDARD OF REVIEW

The Court shall grant summary judgment if the movant shows that there is not genuine issue of material fact such that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Court must view all facts and inferences therefrom in the light most favorable to the non-moving party. <u>Matsushita v. Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,</u> 475 U.S. 574, 587 (1986). Summary judgment must be entered if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. <u>Id.</u>, at 586-87.

## IV.    DISCUSSION

**A.    There is no evidence on the record that Diannah Rae Dom was served alcohol while visibly intoxicated and therefore civil liability against Point Pub does not attach.**

In order for the plaintiff to prove a violation of Pennsylvania's Dram Shop law, giving rise to civil liability against the licensee, they must prove that "(1) that an employee or agent of [the defendant] served [co-defendant Dom] alcoholic beverages at a time when [s]he was visibly intoxicated; and (2) that this violation of the statute proximately caused [the plaintiff's] injuries." <u>Fandozzi v. Kelly Hotel, Inc.</u>. 711 A.2d. 524, 525-526 (Pa.Super 1998)

Section 4-497 states as follows:

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damage was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employee when the said customer was visibly intoxicated.

The Pennsylvania Superior Court has made it clear that in order for Point Pub to be found liable in the case at hand, Diannah Rae Dom must have been served alcohol when she was visibly intoxicated. "The clear and unambiguous language of licensee's civil liability to third persons who are injured off of the premises by a customer of the licensee upon a showing that the customer was visibly intoxicated while served." Simon v. Shirley, 409 A.2d 1365 at 1366 (1979).

Pennsylvania courts have established that the production of evidence that alcoholic beverages were served is not sufficient to establish liability against a licensee. In order for civil liability to attach, the licensee must serve alcoholic beverages to a person who is visibly intoxicated and that person must, as a consequence, cause the injury to the plaintiff. Connelly v. Zeigler, 380 A.2d 902, 903 (1977). See also, Holpp v. Fez, Inc., 656 A.2d 147 (1995).

Pennsylvania law makes clear that the focus of the court's inquiry must be on the visible condition of Diannah Rae Dom while she was being served alcohol at the Point Pub. "The practical effect of the law is to insist that the licensee be governed by appearances, rather than medical diagnosis." Johnson v. Harris, 615 A.2d 711, 776 (Pa.Super 1992). The plaintiff in this case has failed to produce any evidence that Diannah Rae Dom was served alcoholic beverages *while visibly intoxicated* at the Point Pub on the night in question. There is and will be no competent evidence to

support a verdict in favor of the plaintiff and therefore there is no genuine issue of material fact.

Despite extensive discovery, the plaintiff has failed to produce any direct or circumstantial evidence that Diannah Dom was served while visibly intoxicated at the Point Pub. None of the individuals deposed in this matter testified that Diannah Rae Dom was exhibiting any visual signs of intoxication at the time she was allegedly served alcohol at Point Pub on January 10, 2014.

Susan Frombach, owner of Point Pub, was deposed on August 30, 2016. Ms. Frombach testified that she knew Ms. Dom because she was her insurance representative and had visited the bar before on numerous occasions. She testified, under oath, that she had never seen Ms. Dom visibly intoxicated while at the Point Pub. (Transcript of Susan Frombach's deposition, page 99, lines 9-13, and page 105, lines 1-4) Ms. Frombach, further testified, that given the floorplan of Point Pub, her employees would have the ability to clearly view Ms. Dom's behavior during her time in the establishment, and specifically while ordering and paying for alcoholic beverages.

> Q: Fair to say that your bartenders are able to see the patrons in the bar?
> A: Yes.
> Q: So it's not a big space; correct?
> A: Correct

(Susan Frombach's Deposition, page 136, lines 17-23)

She further testified:

> Q: And where are the bartenders stationed?
> A: In the middle. The bar is in the middle of the building.
> Q: The patrons can be on all sides?
> A: Except for the one.
> Q: Right. All right. So if a patron was going to become loud or boisterous, would you expect the bartender to be able to hear it?
> A: Yes.

Q:      And if a patron was having difficulty walking, be it stumbled or otherwise --
        - an otherwise impaired gait, would you expect the bartender to be able to
        see it?

A:      Yes.

(Id. at page 137, lines 9-25 and page 138, line 1)

Finally, she stated:

Q:      So if they want drinks, they - - -
A:      They have to - - -
Q:      - - - have to come to the bar?
A:      Yes.
Q:      Which would give the bartender an opportunity to not only see them, but
        watch them walk?
A:      Yes.
Q:      Correct?
A:      Yes.
Q:      And actually hear them speak so they would know whether they were
        speaking in a normal tone or in a boisterous loud tone?
A:      Yes.

(Id. at page 139, lines 2-17)

Despite being able to view and interact with the patrons whom they served, Ms.
Frombach confirmed that none of her employees specifically remembered seeing Ms.
Dom or Ms. Harris at Point Pub on January 10, 2014.  (Id. at page 101, lines 2-7)  And
none of them recall her being visibly intoxicated at any time while she was allegedly at
this establishment.  Ms. Frombach's sworn testimony, together with the testimony of two
other employees, Corey Carthew and Andrew Carthew, provide no direct or
circumstantial evidence that Diannah Dom was served alcohol while visibly intoxicated
at the Point Pub.

Defendant, Diannah Rae Dom, was deposed on August 31, 2016.  Her testimony
indicates that she was not served alcohol at Point Pub while visibly intoxicated.  She
testified that she arrived at the Point Pub around 12:30 a.m, and stayed for less than

one half hour.  She further testified that she did not believe she had finished the single

bear that she ordered during that time.  (Transcript of Diannah Rae Dom's deposition,

page 44, lines 20-25 through page 45, lines 1-4)  Ms. Dom clearly indicated that she did

not exhibit any signs of intoxication while at the Point Pub on January 10, 2014:

> Q:  Do you recall having slurred speech?
> A:  No.
> Q:  Do you recall stumbling?
> A:  No.
> Q:  Do you recall being obnoxious and loud?
> A:  Every day, that was a joke.
> Q:  Do you know the signs of a visible intoxicated person?
> A:  Yes.
> Q:  What are they?
> A:  Like you said; slurred speech, blurred vision, stumbling.
> Q:  You don't recall being visibly intoxicated at Point Pub on January 10, 2014?
> A:   Correct.

(Diannah Dom's Deposition, page 136, lines 12-25 and page 137, lines 1-4)

Ms. Dom's sworn testimony indicates that she was not acting in a manner that

would have caused those around her to believe she was intoxicated.  Her deposition

provides no direct evidence that she was served alcohol while visibly intoxicated on the

night in question.  In fact, the deposition testimony produced during the entire discovery

period offers no direct or circumstantial evidence that Diannah Dom was served

alcoholic beverages at the Point Pub while visibly intoxicated.

The Superior Court was faced with a similar fact pattern in Hiles v. Brandywine

Club:

> A review of the record reveals nothing to indicate that [the patron] was served
> while visibly intoxicated during his hours at [the establishment].  [The patron's]
> own testimony was that he could not recall exhibiting signs of visible intoxication,
> nor did [the plaintiff] introduce any eyewitness testimony indicating that [the
> patron] was visibly intoxicated.  The jury, therefore, had every reason to conclude
> that [the licensee] did not serve [the patron] when he was visibly intoxicated.

{P1301867.1}

Without the evidence of visible intoxication, a licensee cannot be found liable for damages to a third party by a customer.  45 P.S. §4-497.  662 A.2d at 19.

The court also dealt with a lack of witness testimony in Holpp v. Fez, Inc., 656 A.2d 147 (1995).  In that case, a police officer was responding to an altercation at a New Year's Eve party hosted by a banquet hall.  While there was evidence that patrons had been intoxicated at the establishment, ". . . whether they had been served alcoholic beverages by appellee while visibly intoxicated was not known and could not be proved.  Given the lack of evidence . . . the trial court could properly grant summary judgment on appellant's action to impose liability under the Dram Shop Act."  Holpp, 656 A.2d at 150.

The only circumstantial evidence the plaintiff points to are the statements of the responding officers from Johnstown Police Department and Ms. Dom's BAC level hours later at the hospital.  First, there is nothing in the record suggesting that any of the responding police officers had any interaction with Ms. Dom prior to their arrival on the scene of the accident, which was at least an hour after she was allegedly at the Point Pub.  These police officers are not in a position to quantify the amount of alcohol consumed by Ms. Dom at the Point Pub, or her demeanor while she was being served at this establishment.

It is not sufficient for the plaintiff to establish that Ms. Dom was intoxicated at the time and location of the automobile accident.  Even if an individual is intoxicated when he/she causes injuries to another, the licensee who furnished the alcoholic beverages cannot be held liable unless the patron was served alcoholic beverages while they were visibly intoxicated.  Johnson v. Harris, 615 A.2d 771, 775 (1992); McDonald v. Marriott Corp., 564 A.2d 1296 (1989).

{P1301867.1}

While several court decisions have permitted the use of "relation back" evidence to establish that a patron was displaying signs of visible intoxication at the time he/she was last served alcohol, there must be some indicia of intoxication at the time the individual was served the alcohol in order for this evidence to be submitted to the jury. In Fandozzi, there was considerable evidence that the patron had been served while intoxicated.  The evidence presented indicated that the patron drank the equivalent of fourteen (14) twelve-ounce beers during a two-hour period at an establishment.  A co-owner of the establishment was working the door when the patron exited the bar.  The co-owner observed the patron fall in the middle of the street immediately after leaving the establishment.  When the co-owner helped the patron up, he noticed the patron was staggering and slurring his speech.  The patron slept on the front porch of the establishment for a period of time, then fell again when he tried to walk home.  Two other witnesses corroborated that the patron fell in the street, slurred his speech and staggered.  Police later obtained a blood sample from the patron and were able to determine his BAC.  An expert toxicologist was able to determine the patron's approximate BAC at the time he left the hotel based on "relation back" evidence.  Given the relation back evidence, supported by the testimony of three eyewitnesses who observed the patron in a highly intoxicated state immediately upon exiting the establishment, the Superior Court found there was sufficient evidence to create a jury question as to whether the patron was served while visibly intoxicated.

In the present case, the plaintiff has not and will not be able to introduce credible evidence of Ms. Dom's allegedly intoxicated state while she was at the Point Pub. Despite the extensive discovery in this matter, no eyewitnesses purporting to observe

Ms. Dom displaying visible signs of intoxication while on the premises of Point Pub on January 10, 2014 have been identified or deposed. Furthermore, this case differs significantly from Fandozzi in that Ms. Dom had only ordered and paid for one alcoholic beverage during her time at the Point Pub. Without visible signs of intoxication, the employees of Point Pub had no reason to believe that Ms. Dom had been drinking at other establishments since evening and no ability to determine the amount of alcohol she had consumed prior to the beer she purchased at Point Pub.

Plaintiff has failed to present any direct evidence of wrongdoing on behalf of the Point Pub, and have failed to establish any evidence that rises to the level Pennsylvania courts have required to impose liability, and accordingly, summary judgment is appropriate.

## V.    CONCLUSION

Plaintiff has failed to present enough evidence to prosecute their action based upon Pennsylvania's dram shop laws against the Point Pub and SVC, LLC. Discovery has closed in this case, and based upon the evidence in the record, the Plaintiff cannot and will not be able to establish that Point Pub served alcohol to a visibly intoxicated Diannah Dom on January 10, 2014. Plaintiff has not established a violation of Pennsylvania's dram shop laws and, therefore, should not be permitted to continue with their action against Point Pub and SVC, LLC. It is, therefore, appropriate for this Honorable Court to grant summary judgment in favor of Point Pub and SVC, LLC.

Respectfully submitted,

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

/s/ Amanda L. Nese
AMANDA L. NESE, ESQUIRE

## PROOF OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served upon all parties on the date and in the manner listed below:

| | |
|---|---|
| _____ | First Class Mail, Postage Prepaid |
| _____ | Certified Mail - Return Receipt Requested |
| _____ | Hand Delivery |
| _____ | Facsimile Transmission |
| _____ | Overnight Delivery |
| X | Electronic Mail / CM/ECF Filing |

at the following address:

Paul Brandes, Esq.
Peter M. Villari, Esq.
Villari, Brandes & Giannone, P.C.
161 Washington Street, Suite 400
Conshohocken, PA 19428
pbrandes@villarilaw.com
*(Counsel for plaintiff)*

Patrick M. Connelly, Esq.
Summers, McDonnell, Hudock  &  Guthrie,  P.C.
707 Grant Street, 24th Floor
Pittsburgh, PA  15216
pconnelly@summersmcdonnell.com
*(Counsel for Diannah Dom and Regina Harris)*

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Date:  March 15, 2017

/s/ Amanda L. Nese
AMANDA L. NESE, ESQUIRE

{P1301867.1}